IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Crim. No. 1:18-cr-228 |
| | : | |
| v. | : | |
| | : | |
| BRIAN SALVADO | : | Judge Sylvia H. Rambo |

**MEMORANDUM**

Before the court is Defendant Brian Salvado's motion to vacate his conviction under 28 U.S.C. § 2255. (Doc. 90.) For the reasons discussed below, the motion will be denied.

**I.   BACKGROUND**

On July 11, 2018, Salvado was indicted on four counts of producing child pornography, in violation of 18 U.S.C. § 2251, related to four digital images that he solicited from a minor. (Doc. 14.) Attorney Ari Weitzman was appointed to represent him. (Docs. 21.)

Following Salvado's arraignment, the government identified ten additional victims of his crimes. (Doc. 80 at 22:5-11; Doc. 63 ¶ 13.) On January 8, 2020, Salvado entered into a plea agreement with the government in which he agreed to plead guilty to one count of production of child pornography and to receive a guideline calculation that included the ten additional victims. (Doc. 49.)

In a presentence report ("PSR"), the probation office calculated Salvado's advisory guideline range as a maximum term of imprisonment of life reduced to the

1

statutory-maximum penalty of 30 years, with a statutory mandatory-minimum term of 15 years. (Doc. 63 ¶¶ 27-117, 138.) This court sentenced Salvado to 20 years' imprisonment, which represented a 10-year downward variance. (*Id.* at 15:14; Doc. 72.) The Third Circuit affirmed the conviction and sentence. (Doc. 82.)

Salvado has filed a motion to vacate based on ineffective assistance of counsel under 28 U.S.C. § 2255, arguing that Attorney Weitzman provided constitutionally defective representation by failing: 1) to advocate on Salvado's behalf with respect to his pretrial detention (Doc. 88, Grounds 3 and 4); 2) to review discovery and file a *Brady* motion (*id.* at Grounds 1 and 2); 3) to appropriately counsel Salvado regarding the terms of his plea agreement (*id.* at Ground 6); to file a motion to withdraw Salvado's guilty plea (*id.* at Ground 7); to assert a claim regarding a defect in the indictment (*id.* at Ground 5); and, to spend sufficient time with Salvado to discuss the case (*id.* at Ground 8). The motion has been fully briefed and is ripe for disposition.  (Docs. 83, 90, 91.)

II.   **STANDARD OF LAW**

A federal prisoner may challenge his sentence or conviction by motion to the sentencing court pursuant to 28 U.S.C. § 2255. To prevail, the petitioner must show "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *United States v. Bates*, No. 3:04-CR-0251, 2008 WL

80048, at *2 (M.D. Pa. Jan. 7, 2008) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). The petitioner generally has the burden of proving by a preponderance of the evidence that he is entitled to relief. *See United States v. Hollis*, 569 F.2d 199, 205 (3d Cir. 1977); *Pazden v. Maurer*, 424 F.3d 303, 313 (3d Cir. 2005); *United States v. Ayers*, 938 F. Supp. 2d 108, 112 (D.D.C. 2013).

The court must hold a hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *United States v. Arrington*, 13 F.4th 331, 334 (3d Cir. 2021) (quoting 28 U.S.C. § 2255(b)). To determine whether a hearing is appropriate, the court assesses whether the petitioner's nonfrivolous factual claims plausibly establish an entitlement to relief. *Id*. at 334–35. The court is not required to accept or further investigate "vague and conclusory allegations." *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000).

To prove ineffective assistance of counsel, a petitioner must establish that (1) the performance of trial counsel fell below an objective standard of reasonableness, and (2) the performance of counsel unfairly prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687–88, 691 (1984). The first element requires the petitioner to demonstrate that "counsel's performance was deficient." *Jermyn v. Horn*, 266 F.3d 257, 282 (3d Cir. 2001). Proving a deficiency in conduct requires showing "that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id*. (quoting *Strickland*, 466 U.S. at 687). "In assessing counsel's

performance, 'every effort [must] be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.'" *Id.* (quoting *Strickland*, 466 U.S. at 689).

The second element requires the petitioner to show that counsel's performance caused unfair prejudice, or a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694. It is not enough to show that "the error had some conceivable effect on the outcome of the proceeding, for virtually every act or omission would meet that test." *Id*. at 693. Rather, counsel's conduct must have "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id*. at 686.

### III. DISCUSSION

#### A. Attorney Weitzman did not provide ineffective assistance with respect to Salvado's pretrial detention.

In his motion, Salvado argues that Attorney Weitzman rendered ineffective assistance of counsel by failing to advocate on his behalf with respect to his pretrial detention. (Doc. 83, Grounds 3 and 4.) Specifically, he contends that Attorney Weitzman "refused" to proffer a third-party custodian and later did not file a motion alerting the court to the "hardship/unsatisfactory living conditions" of his pretrial detention. (*Id.*) These arguments provide no basis for relief.

4

A defendant's complaints regarding his pretrial detention or his lawyer's decision not to file a motion to challenge his detention "fall[ ] outside the ambit of Section 2255." *United States v. Egwuekwe*, 2017 WL 5009100, at *9 (M.D. Pa. Nov. 2, 2017) ("Facially, the issue of pretrial detention is not a means of attacking a federal prisoner's sentence. Therefore, this portion of Egwuekwe's motion is not properly brought pursuant to Section 2255.") (cleaned up); *see also United States v. Brooks*, 2021 WL 6064985, at *7 (W.D. Pa. Dec. 22, 2021) ("A petitioner may not challenge the district court's decision with respect to pretrial detention via a § 2255 motion"). Moreover, Attorney Weitzman's decision not to challenge Salvado's pretrial detention was reasonable under the particular circumstances of this case. Salvado was denied bail at his initial hearing pursuant to the Bail Reform Act of 1984, which creates a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant and the safety of the community where a defendant has been charged with an offense involving a minor victim under 18 U.S.C. § 2251. 18 U.S.C. § 3142(e)(3)(E). Accordingly, this aspect of the motion affords no basis for relief.

**B. Attorney Weitzman did not provide ineffective assistance while obtaining and reviewing discovery.**

Salvado also complains about the length of time it took for him to receive and review discovery, and vaguely alleges that Attorney Weitzman "never filed a *Brady* Motion." (Doc. 83, Grounds 1 and 2.) According to Salvado, he was arrested on

5

December 13, 2017, and did not receive discovery until sometime in January 2019.[1]

However, Salvado has not articulated any basis upon which Attorney Weitzman had to file a motion under *Brady v. Maryland*, 373 U.S. 83 (1963), and he has not alleged that his guilty plea resulted from delay in receiving discovery, or that his guilty plea was improperly induced by a lack of discovery. The absence of any suggestion of prejudice is particularly apparent considering Salvado's sworn statements made at his change of plea hearing, wherein he admitted to the offense conduct charged and agreed with the facts proffered by the government in support of the plea. The motion thus provides no basis for relief with respect to Attorney Weitzman's handling of discovery matters in this case.

### C. Attorney Weitzman did not provide ineffective assistance with respect to counseling Salvado regarding the plea agreement.

Salvado also argues that Attorney Weitzman was ineffective in counseling him to sign the plea agreement he eventually signed. (Doc. 83, Ground 6.) He alleges that after he was offered a plea agreement, Attorney Weitzman advised him that the plea was "a standard deal," and that if he wanted to "get the ball moving" with respect to the disposition of his case, he should accept the plea. (*Id.*) Salvado acknowledges that he was, in fact, "anxious to get the ball going." (*Id.*) Salvado also

---

[1] Salvado was actually indicted in the Middle District of Pennsylvania on July 11, 2018, and had his first appearance in this court on August 21, 2018. (Docs. 14, 22.) Accepting Salvado's claim that he did not review discovery until January 2019, that was still a full year before Salvado entered into a plea agreement, and therefore any purported delay in his receipt of discovery could not have prejudiced his decision to plead guilty.

6

claims he asked Attorney Weitzman whether, if he did not sign the plea agreement, he would be charged in a superseding indictment with the additional ten victims who had been identified during the investigation, and Attorney Weitzman responded, "I don't know." (*Id.*) Finally, Salvado states that he "reluctantly signed" the plea agreement because he was nearing the deadline to accept or reject the government's offer. (*Id.*)

It is unclear why Salvado considers Attorney Weitzman's advice to be ineffective. At most, Salvado alleges that Attorney Weitzman advised him that the plea agreement was "standard" and that it would expedite the disposition of his case, which Salvado admits he wanted. Salvado does not claim that Attorney Weitzman misled him about the plea agreement or the plea process, and he does not allege that Attorney Weitzman's counsel prejudiced him.

Moreover, Salvado's suggestion that he was confused regarding the plea agreement is contradicted by his own statements at the change of plea hearing. At that time, Salvado acknowledged under oath that he had signed the plea agreement after reading, understanding, and agreeing to its terms. (Doc. 80 at 8:14-24.) Salvado likewise acknowledged that Attorney Weitzman had answered his questions about the plea agreement and that he voluntarily signed the document. (*Id.* at 8:25-9:4.) Salvado assured the court that he understood the rights he was relinquishing by

pleading guilty, and he admitted to the facts proffered in support of the plea. (*Id.* at 22:14-19.)

Salvado has failed to meet his burden of establishing that his guilty plea was neither knowing nor voluntary. *United States v. Stewart*, 977 F.2d 81, 85 (3d Cir. 1992). In this regard, the Supreme Court has explained that

> the representations of the defendant, his lawyer, and the prosecutor at such a hearing, as well as any findings by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.

*Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). These observations are particularly apt in this case, where Salvado has attempted to evade the solemnity of his prior sworn admissions by presenting general and conclusory allegations that have no specific evidentiary support. As such, Salvado's complaints regarding the plea agreement that he knowingly and voluntarily entered after having reviewed it with Attorney Weitzman provide no basis for relief in this § 2255 proceeding.

**D. Attorney Weitzman did not provide ineffective assistance by declining to file a motion to permit Salvado to withdraw his guilty plea.**

Salvado further argues that in July 2020, after his guilty plea had been accepted by the court but before he was sentenced, he asked Attorney Weitzman to file a motion to withdraw his guilty plea, but Attorney Weitzman declined to do so.

8

(Doc. 83, Ground 7.) Salvado claims that Attorney Weitzman was ineffective by failing to file this motion. This claim is without merit.

A guilty plea "may not automatically be withdrawn at the defendant's whim." *United States v. James*, 928 F.3d 247, 253 (3d Cir. 2019) (quoting *United States v. Brown*, 250 F.3d 811, 815 (3d Cir. 2001). Instead, a defendant may only withdraw a guilty plea if he can "show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11 (d)(2)(B). A defendant's burden in this regard is "substantial," and "'[a] shift in defense tactics, a change of mind, or the fear of punishment are not adequate reasons.'" *United States v. Jones*, 336 F.3d 245, 252 (3d Cir. 2003) (quoting *Brown*, 250 F.3d at 815).

Salvado alleges that after entering his guilty plea, he "felt more confident" that he could win his case at trial (Doc. 83, Ground 7.) This spare allegation falls far short of the substantial showing required to prevail on a motion to withdraw an accepted guilty plea. Because Salvado has identified no legitimate basis for Attorney Weitzman to have filed such a motion, he cannot show that the decision not to file the motion was ineffective. *United States v. Sanders*, 165 F.3d 248, 253 (3d Cir. 1999) ("There can be no Sixth Amendment deprivation of effective counsel based on an attorney's failure to raise a meritless argument.").

### E. Salvado's claim that the indictment was defective is procedurally defaulted.

In Ground 5 of the motion, Salvado asserts a claim for relief based upon an undefined defect in the indictment. He asserts that on January 10, 2018, "United States Government asked for 30 day extension on my indictment . . . GRANTED! Unopposed, of course . . . ." (Doc. 83, Ground 5.) No such motion or statement of non-opposition is reflected on the docket. However, regardless of its merit, this claim is procedurally defaulted.

Salvado first challenged the validity of his indictment in the pending 2255 motion. Because collateral review is not a substitute for direct appeal, a 2255 movant ordinarily can only assert claims that were raised on direct review. *Hodge v. United States*, 554 F.3d 372, 378-79 (3d Cir. 2009) (citing *Bousley v. United States*, 523 U.S. 614, 621 (1998)). Any claims not raised on direct appeal are procedurally defaulted. *Id.* Where a claim is procedurally defaulted, it cannot be reviewed unless the movant demonstrates cause for the procedural default and resulting prejudice, or otherwise shows that he is innocent. *Bousley*, 523 U.S. at 621-23.

Salvado has not made that showing, nor has he alleged that Attorney Weitzman was ineffective for failing to challenge to his indictment or by agreeing to extend the government's deadline to present the case to the grand jury. Furthermore, Salvado has not alleged that he is innocent of the offense to which he pleaded guilty. Accordingly, this claim is procedurally defaulted.

**F. Attorney Weitzman was not ineffective in conferring with Salvado or in his advocacy at sentencing.**

In his final claim, Salvado claims that Attorney Weitzman did not spend sufficient time with him to discuss the case. (Doc. 83, Ground 8.) He argues that he would "sometimes" have to wait for an extended period for Attorney Weitzman to arrive at the jail, and that when the two would meet they would "maybe" spend 30 minutes together. (*Id.*) Salvado asserts that Attorney Weitzman seemed to "rush" through these meetings and appeared not to care about his best interests or exploring ways to mitigate his sentence. (*Id.*) This claim provides no basis for relief and is otherwise refuted by the record.

During his change of plea hearing, Salvado told the court that he was "very" satisfied with Attorney Weitzman's representation. (Doc. 80 at 6:2-5.) He also told the court that he reviewed every portion of the plea agreement with Attorney Weitzman, that he felt he had had enough time to go over the plea agreement, and that he understood it. (*Id.* at 8:14-24.) He also assured the court that Attorney Weitzman answered his questions about the agreement. (*Id.* at 8:25-9:2.) At no point during the hearing did Salvado complain that Attorney Weitzman spent insufficient time counseling him.

At sentencing, Attorney Weitzman argued vigorously and effectively on Salvado's behalf against the PSR's advisory guideline range of thirty years. He provided the court with information to distinguish Salvado's offense conduct from

11

other offenders, and he argued that the guidelines were excessive in Salvado's case. He also obtained a report from a psychologist who assessed Salvado's risk of reoffending as low, and he urged the court to vary below the advisory guideline range. (Doc. 81 at 4:23-8:12.) Ultimately, the court agreed and varied ten years below the guideline range, sentencing Salvado to 240 months' imprisonment followed by fifteen years of supervised release. (*Id.* at 15:13-22.)

Salvado's complaints regarding the duration of his visits with Attorney Weitzman provide no basis for relief on collateral review, and he has identified no prejudice to his case from Attorney Weitzman's counsel. Moreover, his suggestion that Attorney Weitzman did not have his best interests in mind is thoroughly refuted by Attorney Weitzman's vigorous and successful advocacy at sentencing. Salvado is not entitled to relief on this claim.

## IV.   **CONCLUSION**

Salvado's claims do not plausibly establish entitlement to relief, and the record demonstrates conclusively that Attorney Weitzman did not provide ineffective assistance. Accordingly, a hearing is not necessary, and each of Salvado's claims will be denied. An appropriate order shall follow.

s/Sylvia H. Rambo<br>United States District Judge

August 24, 2023